IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 14-cr-00503-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BRICE ALDAY,

    Defendant.

---

**PROTECTIVE ORDER REGARDING SUBPOENA ISSUED TO THE
BOULDER COUNTY CORONER APRIL 7, 2015**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, it is ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced by the Boulder County Coroner's Office in response to a Subpoena Duces Tecum seeking: "Autopsy Report Number 1330-13-A (Christopher Racine, Decedent): Any and all 'H&E Stained Recuts' and/or 'autopsy slides' from the Christopher Racine autopsy."

2. As used in this Protective Order, "document" or "materials" is defined as provided in Fed. R. Crim. P. 17(c).  A draft or non-identical copy is a separate document within the meaning of this term.

3. CONFIDENTIAL documents, materials, and/or information (collectively "confidential information") shall not, without the consent of the party or entity producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

      (a) attorneys actively working on this case;
      (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
      (c) the parties, including the Boulder County Coroner's Office, and designated representatives for the Boulder County Coroner's Office;
      (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;
      (e) the Court and its employees ("Court Personnel");
      (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
      (g) deponents, witnesses, or potential witnesses; and
      (h) other persons by written agreement of the parties.

4. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order.

5. Documents are designated CONFIDENTIAL as defined by statute and may include the Coroner's notes, medical reports, including toxicology and other reports generated by medical personnel, and personnel records.

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion

    within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

9. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

    DATED: April __20__, 2015

                                                BY THE COURT:

                                                _____
                                                CHRISTINE M. ARGUELLO
                                                United States District Judge